**IN THE UNITED STATES DISTRICT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **RONALD GRIGGS** | **:** | **CASE NO.** |
| | **:** | |
| **Plaintiff** | **:** | |
| | **:** | **JUDGE:** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **SCHLAGE LOCK COPMANY, LLC** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 USC §§ 1332, 1441, and 1446, Defendant Schlage Lock Company, LLC ("Schlage" or "Defendant") by and through its undersigned counsel, hereby files this Notice of Removal to this Court of an action pending against it in the Hamilton County, Ohio Court of Common Pleas. Removal is based on the following grounds:

1.      On January 31, 2020 Plaintiff Ronald Griggs ("Plaintiff") commenced an action against Defendant in the Hamilton County, Ohio Court of Common Pleas, in a case captioned *Ronald Griggs v. Schlage Lock Company, LLC.*, Case No. A 2000534 (hereinafter, the "State Court Action").

2.      Attached hereto as Exhibit 1 are true and correct copies of the Complaint, the Docket, and the Summons.

3.      All pleadings in the State Court Action lawsuit have been attached to this removal.

4.      Schlage is the only Defendant in this lawsuit and it consents to the removal of this action.

4814-1233-7845.1                                                    1

**TIMELY REMOVAL**

5.      On February 7, 2020, Plaintiff served a Summons and a copy of the Complaint on Defendant.  The date of service is reflected on the docket and on the summons, both of which are attached hereto as Exhibit 1.

6.      Defendant has not yet answered Plaintiff's Complaint.  Defendant will answer the Complaint pursuant to the time period set forth in Rule 81(C)(2) of the Federal Rules of Civil Procedure.

7.      This Notice of Removal is being filed within thirty (30) days after Defendant was served with the Summons and Complaint (February 7, 2020) in the State Court Action and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

**JURISDICTION AND VENUE**

8.      The State Court Action is not a non-removable action as described in 28 U.S.C. § 1445.

9.      This Court has jurisdiction under 28 U.S.C. § 1332 because this lawsuit involves citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     Based on the allegations in the Complaint, Plaintiff is a resident of the State of Ohio.  (Complaint at ¶1).

11.     Defendant is a limited liability company organized under the laws of Delaware with its principal place of business located in Indiana.

12.     All members of Defendant are citizens of different states.  Defendant's members are Allegion S&S Lock Holding Company, Inc. (Delaware corporation), Allegion US Holding Company, Inc. (Delaware Corporation), and Allegion, plc (Ireland Public Limited Company).

4814-1233-7845.1                            2

13.    Accordingly, this lawsuit involves citizens of different States.

14.    Plaintiff seeks non-monetary relief via injunction and, upon information and belief, seeks damages in excess of $75,000.

15.    Plaintiff's Complaint seeks compensatory damages for his lost income, legal fees, and expenses.  Plaintiff also seeks economic and monetary damages related to his emotional distress, "physical sickness", and "other consequential damages."  Finally, Plaintiff seeks punitive damages.  Each category of damage is identified as seeking damages in excess of $25,000.

16.    The Complaint asserts three separate causes of action.  Each cause of action seeks lost wages, compensatory and punitive damages.  It is thus apparent from the face of the Complaint that the amount in controversy in the Complaint exceeds $75,000.

17.    This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

18.    Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

19.    Venue is proper in the United States District Court for the Southern District of Ohio, Western Division at Cincinnati pursuant to 28 U.S.C. §§ 13940 and 1441(a), because it encompasses the county in which this action is currently pending.

## NOTICE

20.    Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice, Defendant will serve written notice of removal to the Plaintiffs through their counsel and Defendant will file a copy of this Notice of Removal with the Clerk of Court for the Hamilton

4814-1233-7845.1                                      3

County, Ohio Court of Common Pleas.  A copy of Defendant's Notice to State Court of Removal of Action to Federal Court is attached hereto as Exhibit 2.

WHEREFORE, Defendant hereby removes this action now pending against it in the Hamilton County, Ohio Court of Common Pleas, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

*/s/ David A. Campbell* _____
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of March 2020, the foregoing was filed through the

Court's CM/ECF electronic filing system.  If a Party should not receive a copy through the

Court's filing system, a copy of the forgoing will be sent via email upon the following:

Matthew G. Bruce
Evan R. McFarland
The Spitz Law Firm, LLC
8354 Princeton-Glendale Rd., Ste. 203
West Chester, Ohio 45069
P: (216) 291-4744 x 173
F: (216) 291-5744
Matthew.Bruce@SpitzLawfirm.com
Evan.McFarland@SpitzLawfirm.com

*Attorneys for Plaintiff*

*/s/ David A. Campbell*_____
David A. Campbell ((0066494))

*One of the Attorneys for Defendants*